**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD LEON LOUGHMILLER, | No. 11-17691 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-02094-JKS |
| v. | |
| KATHLEEN DICKINSON, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, Senior District Judge, Presiding

Submitted April 17, 2013[**]
San Francisco, California

Before: SCHROEDER, THOMAS and SILVERMAN, Circuit Judges.

Richard Loughmiller appeals the district court's order denying his petition

for habeas corpus, which challenges Loughmiller's California convictions for

attempted murder, first degree burglary, and discharging a firearm with gross

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

negligence. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We affirm.

Assuming, without deciding, that Loughmiller received ineffective assistance of counsel when his lawyer objected to a proposed jury instruction on the lesser-included offense of attempted voluntary manslaughter, Loughmiller did not suffer prejudice and is not entitled to relief. By convicting Loughmiller of attempted murder, the jury necessarily concluded that he intended to kill Arthur Weber. Thus, it is clear that the jury rejected Loughmiller's claim that he merely fired a "warning shot" to scare Weber. Moreover, as Loughmiller acknowledges, attempted voluntary manslaughter also requires proof of intent to kill. *See, e.g., People v. Montes*, 5 Cal. Rptr. 3d 800, 802-03 (Cal. Ct. App. 2003). But Loughmiller disclaimed any intent to kill Weber. Thus, had the jury accepted Loughmiller's theory that he fired a warning shot after Weber attacked him, it would have lacked sufficient evidence to convict him of the lesser-included offense of attempted voluntary manslaughter. Absent prejudice, Loughmiller is not entitled to relief. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**AFFIRMED.**

2